664 A.2d 899

**COMPTROLLER OF the TREASURY**

v.

**WASHINGTON RESTAURANT GROUP, INC.**

**No. 8, Sept. Term, 1995.**

Court of Appeals of Maryland.

Sept. 14, 1995.

Gerald Langbaum, Assistant Attorney General, (J. Joseph Curran, Jr., Attorney General; Deborah B. Bacharach, Assistant Attorney General; Wallace E. Hutton, Special Assistant Attorney General; all on brief), Baltimore, for appellant.

James W. Salter, III, Rockville, Jeffrey Taylor, Rockville, both on brief, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

■ In this case, we must decide whether the Comptroller of the Treasury may enforce a State tax lien through a writ of execution. In dispute is whether the Comptroller may cause the sheriff to execute upon a Montgomery County liquor license. We hold that the Comptroller may cause a writ of execution to be issued to enforce a State tax lien.

## I.

On June 22, 1994, the Comptroller filed with the Clerk of the Circuit Court for Montgomery County a notice of lien of judgment for unpaid sales and use taxes, withholding taxes, interest, and penalties against the Washington Restaurant Group, Inc. (WRG).[1] The Comptroller then requested that the Clerk of the Court issue a writ of execution instructing the Sheriff to seize the Class B, Beer and Wine, liquor license, No. BBW054, and all monies found at the address of WRG. The Clerk issued the writ, and on August 3, 1994, the Sheriff levied upon the liquor license and $300.

---

1. Maryland Code (1988, 1994 Cum.Supp.) § 13–807 of the Tax–General Article provides as follows:

   (a) **Filing notice of tax lien.**—A tax collector may file a notice of tax lien with the clerk of the circuit court for the county where the property that is subject to the lien is located.

On August 11, 1994, WRG filed a motion to release the liquor license from levy. Neither party requested a hearing. The circuit court ordered that the license be released from levy. The Comptroller then appealed to the Court of Special Appeals. Prior to review by the intermediate appellate court, we granted a writ of certiorari on our own motion.

## II.

In its motion for release before the circuit court, WRG raised three issues:

[1]. The license is not property subject to a Writ of Execution, nor may it be sold in satisfaction of the judgment.

[2]. Individuals who are not parties to these proceedings have an interest in the license as licensees.

[3]. The enforcement of a tax lien by the issuance of a Writ of Execution pursuant to Maryland Rule 2–641 is improper and not in compliance with Section 13–810 of the Tax–General Article, which governs the enforcement of such liens by judicial proceedings.

The circuit court granted the motion without stating any rationale.

In this appeal, the Comptroller asks the Court to address the first and last of these grounds for release of the property. WRG, in its brief as appellee, raises Issue 2, involving joinder of the necessary parties.[2]

We shall hold that the Comptroller may enforce a State tax lien through a writ of execution. We shall remand the cause, however, for further proceedings to determine whether a Montgomery County liquor license is subject to a writ of execution.

---

**2.** Our disposition of the case makes it unnecessary for us to reach this issue. The issue may, however, be addressed to the trial court on remand.

## III.

WRG contends that the Tax–General Article provides the exclusive procedure for the enforcement of a tax lien and that this procedure does not include the issuance of a writ of execution. Maryland Code (1988, 1994 Cum.Supp.) § 13–810 of the Tax–General Article.[3] WRG claims that a writ of execution is a superfluous and improper procedure for enforcing a tax lien because a tax lien, once filed, "is *ipso facto* a judgment and an execution on the judgment." It concludes that the issuance of a writ of execution is an unnecessary act.

The Comptroller's position is that the language of § 13–810, in conjunction with the legislative history, authorizes the use of a writ of execution as a mechanism to enforce a tax lien. The Comptroller contends that § 13–810 neither explicitly nor implicitly prohibits the use of a writ of execution. The Comptroller also points out that the execution process was not intended to establish the Comptroller's lien. Under § 13–806(a), the lien "arises on the date of notice that the tax is due" and, once filed under § 13–807, "has the full force and effect of a judgment lien" under § 13–808.

We agree with the Comptroller that § 13–810 does not prohibit the issuance of a writ of execution to enforce a tax lien. Nothing within the language of § 13–810 suggests that it establishes an exclusive method for enforcing a tax lien. No statute, rule, or case, either explicitly or implicitly, prohibits enforcement of a tax lien through a writ of execution. We note that the purpose of enforcing a tax lien is to collect a tax debt, i.e. to turn a tax lien into cash. Similarly, the proper use of a writ of execution is to enforce the collection of a debt. *Myers Co. v. Banking & Trust Co.*, 170 Md. 198, 201, 183 A. 543, 544 (1936).

■ Section 13–810 was enacted as part of the Tax–General

---

**3.** Unless otherwise indicated, all statutory citations herein are to the Maryland Code (1988, 1994 Cum.Supp.) Tax–General Article.

Article. 1988 Maryland Laws ch. 2, § 1, at 562–64.[4] Section 13–810(a) provides that if a tax lien is not satisfied on or before the fifteenth day after notice of the lien is filed, recorded and indexed, the Comptroller *"may bring an action* to enforce the lien":

> (a) *Initiation of proceedings.*—If a tax lien is not satisfied or released on or before the 15th day after the notice of the lien is filed, recorded, and indexed under § 13–807 of this subtitle, a qualified attorney who is a regular salaried employee of the Comptroller or, at the request of the tax collector, the Attorney General may bring an action in a court of the State to enforce the lien.[5]

In enacting § 13–810(a), the General Assembly altered the language used in the first sentence of Article 81, § 322(4) of the Revenue and Taxes Code, the precursor statute to the Tax–General Article, which read:

> *Civil Procedure by attachment, garnishment, execution, etc.*—In any case where a notice of lien has been filed by the Comptroller and indexed, . . . and the full amount of the lien and judgment is not paid the State within fifteen (15) days after filing, the Attorney General, at the request of the Comptroller, or any qualified attorney who is a regular salaried employee of the Comptroller's office shall *file a*

---

**4.** Section 13–810 was originally enacted as § 13–811. 1988 Maryland Laws ch. 2, § 1 at 562–64. Later, the General Assembly repealed the original § 13–810 and subsection (e) of § 13–811 and renumbered the remaining subsections (a)–(d) as § 13–810. 1988 Maryland Laws ch. 569, §§ 1, 2, at 3971 (codified as amended at Maryland Code (1988, 1994 Cum.Supp.) § 13–810 of the Tax–General Article).

**5.** It is important to note that an action to enforce a tax lien under § 13–810 is fundamentally different than an action to collect delinquent taxes under §§ 13–815 through 13–818 of the Tax–General Article. These latter sections provide alternative mechanisms for collecting taxes. The Comptroller, however, has the choice to proceed on the one hand under § 13–816 (bring an action) or § 13–817 (attachment) without first filing a tax lien or, on the other hand under § 13–810 or § 13–811 (wage lien) after filing a tax lien under § 13–807. As we held in *Surratts Assoc. v. Prince Geo's County*, 286 Md. 555, 566, 408 A.2d 1323, 1329 (1979), the General Assembly intended to provide the tax collecting authorities with alternative methods for collecting taxes.

*civil proceeding by way of attachment, execution, or otherwise* in any of the courts of this State ... to enforce the lien and judgment thereon of the State for tax, interest, penalty, delinquent fee and costs upon any property and rights to property, real or personal, owned by the delinquent taxpayer. . . .

Maryland Code (1957, 1980 Repl.Vol.) Art. 81, § 322(4) (emphasis added).

In comparing these two provisions, we note that the General Assembly used the phrase "bring an action" in § 13–810(a), whereas in Article 81, § 322(4) it used the phrase "file a civil proceeding by way of ... execution." We do not believe that the change was intended to be substantive. This leads us to conclude that the statutory authorization to "bring an action" includes the authority to use a writ of execution to enforce a tax lien.

The legislative history of § 13–810 supports this conclusion. The Revisor's Note to § 13–810 states that the language substitution was for purposes of "clarity and brevity" and was not meant to be a change in substance. *See* 1988 Maryland Laws ch. 2, § 1, at 563. This Note reads as follows:

In subsection (a) of this section, Ch. 2, Acts of 1988, substituted the authority to "bring an action" for the former power to "file a civil proceeding by way of attachment, execution or otherwise ... or ... proceed by way of an equitable proceeding," *for clarity and brevity.*

Maryland Code (1988, 1994 Cum.Supp.) § 13–810, Special Revisor's Note, of the Tax–General Article (emphasis added).[6]

---

**6.** 1988 Maryland Laws ch. 2, § 1, at 633, states that for some provisions of the Tax–General Article, special revisor's notes replace the original revisor's notes for provisions of the Act that were changed by 1988 legislation. The change from Revisor's notes to Special Revisor's notes was designed to avoid confusion. The original § 13–811 that became § 13–810 had a Revisor's Note for which a Special Revisor's Note was substituted. The original Revisor's Note read as follows:

In subsection (a) of this section, the authority to "bring an action" is substituted for the former power to "file a civil proceeding by way of

Section 322(4) of Article 81 expressly permitted the use of a writ of execution to enforce a tax lien. In enacting § 13–810, the General Assembly intended to continue the prior practice for enforcing State tax liens provided in Article 81, § 322(4).

■ Moreover, this holding comports with the general principle that we will construe the tax laws so as to provide the Comptroller with alternative methods for collecting taxes. *See Lomax v. Comptroller,* 323 Md. 419, 424, 593 A.2d 1099, 1102 (1991) ("It is the policy of the law to insure the collection of all taxes, and whenever it is possible on any theory to do so the courts will construe the statutes to accomplish that result."); *Surratts Assoc. v. Prince Geo's Co.,* 286 Md. 555, 566, 408 A.2d 1323, 1329 (1979) (holding that the General Assembly intended to provide the tax collecting authorities with alternative methods for collecting taxes). Construing § 13–810 to permit the issuance of a writ of execution would enhance the Comptroller's ability to enforce a tax lien.

For the foregoing reasons, we find that the authority given to the Comptroller to "bring an action" under § 13–810(a) includes the authority to cause a writ of execution to be issued.

### IV.

WRG also argues, on two grounds, that a liquor license is not property subject to a writ of execution.

### A.

WRG first asserts that a liquor license is not property under Article 2B of the Maryland Code and, therefore, is not subject to execution. Section 10–501 of Article 2B provides in pertinent part:

(a) *License not property.*—Licenses issued under provisions of this article shall not be regarded as property or as conferring any property rights. All such licenses shall be subject to suspension, restriction or revocation and to all

attachment, execution or otherwise ... or ... proceed by way of an equitable proceeding," for clarity and brevity.

rules and regulations that may be adopted as herein provided.

Maryland Code (1957, 1994 Repl.Vol.) Art. 2B, § 10–501(a). We rejected this argument in *Dodds v. Shamer,* 339 Md. 540, 663 A.2d 1318 (1995). There we held that a liquor license is property subject to execution except where exempted by statute. No statute exempts a liquor license from execution in Montgomery County.

### B.

WRG also contends that a Montgomery County liquor license is not subject to a writ of execution under the Montgomery County Code. Section 3.9(f) of Appendix D expressly provides that "liquor licenses are not for sale in Montgomery County." Montgomery County Code Appendix D, § 3.9(f) (1994).

■ Neither party has addressed the threshold question of whether this "no-sale" provision is valid. The viability of this provision is called into question by § 10–503(a)(2) of Article 2B of the Maryland Code, which specifically permits the sale of a liquor license by a license holder, its receiver or trustee:

Any holder of a license under this article, including a receiver or trustee for the benefit of creditors, may be permitted to transfer the holder's place of business to some other location *or sell or assign the license* and transfer the holder's stock in trade to another person....

Maryland Code (1957, 1994 Repl.Vol.) Art. 2B, § 10–503(a)(2) (emphasis added); *see also id.* § 10–503(q) (stating that the "provisions of subsection (a) ... apply in Montgomery County"). We recently have said, "A local government ordinance which conflicts with a public general law enacted by the General Assembly is preempted and thus is invalid." *Coalition v. Annapolis Lodge,* 333 Md. 359, 379, 635 A.2d 412, 422 (1994).

Because this threshold question was not raised before the circuit court, we shall not reach it, and consequently we cannot address the other contentions raised by the parties. Accord-

ingly, we shall remand this matter to the circuit court for further proceedings consistent with this opinion. The circuit court may invite the Montgomery County Board of Liquor License Commissioners to intervene in the proceedings as an interested party or file a brief as an amicus curiae.

*JUDGMENT OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE, WASHINGTON RESTAURANT GROUP, INC.*