689 A.2d 1295

**ROSSVILLE VENDING MACHINE CORPORATION**

v.

**COMPTROLLER OF THE TREASURY.**

**No. 920, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

March 3, 1997.

Robert L. Hanley, Jr. (Thomas J. Renner and Nolan, Plumhoff & Williams, Chartered on the brief), Towson, for Appellant.

Deborah B. Bacharach, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Gaylin Soponis, Assistant Attorney General, on the brief), Baltimore, for Appellee.

Argued before WENNER, DAVIS and EYLER, JJ.

EYLER, Judge.

This case of first impression requires us to determine the period of limitations applicable to enforcement of a recorded tax lien.

On September 25, 1985, the Comptroller of the Treasury, appellee (Comptroller), levied an assessment against Rossville Vending Machine Corporation, appellant (taxpayer), for unpaid admission and amusement taxes in the amount of $859,-560.58 [1] for the period of December 15, 1982 through March 6, 1985. On September 27, 1985, the Comptroller filed a notice of tax lien in the Circuit Court for Baltimore County for the amount of the assessment. On September 30 of that year, the circuit court recorded and indexed the lien in its judgment docket at Liber 41, page 329. Taxpayer appealed the assessment to the Maryland Tax Court, the Circuit Court for

---

1. By agreement of the parties, the amount of the assessment was later reduced to $736,033.98, exclusive of interest and penalty.

Baltimore County, and to this Court. The assessment was upheld in *Rossville Vending Machine Corporation v. Comptroller*, 97 Md.App. 305, 629 A.2d 1283, *cert. denied*, 333 Md. 201, 634 A.2d 62 (1993). Taxpayer appealed the denial of its refund claim which ultimately was affirmed by this Court in *Comptroller v. Rossville Vending Machine Corporation*, No. 1872, 84 Md.App. 760, Sept. Term, 1989 (unreported opinion filed September 27, 1990), *cert. denied*, 321 Md. 639, 584 A.2d 68 (1991). The resolution of the assessment case was delayed because the Maryland Tax Court held it in abeyance until after resolution of the refund case, which occurred in early 1991.

On September 5, 1995, the Comptroller filed a request for writ of garnishment of property, referencing the tax lien at Liber 41, page 329, and caused it to be served on garnishee, Mercantile Safe Deposit & Trust Company. On that same date, the Clerk of the Circuit Court for Baltimore County filed in the garnishment action a notice of recorded judgment in the amount of the tax lien plus interest. Taxpayer filed a motion to quash the writ of garnishment on the grounds that the Comptroller had not obtained a judgment pursuant to Title 13, Subtitle 8, Part III of the Tax–General Article of the Maryland Annotated Code and that the recorded tax lien was no longer effective. The Comptroller filed a response, and on April 12, 1996, the trial court denied taxpayer's motion. On May 8, 1996, judgment was entered against garnishee in the amount of the assets confessed. Taxpayer noted this appeal.

## Question Presented

Did the Circuit Court for Baltimore County err in denying Rossville's motion to quash attachment of writ of garnishment because the tax lien underlying the writ of garnishment was unenforceable by reason of lapsed time?

## Discussion

Taxpayer argues that the filing of the writ of garnishment was barred by the seven year statute of limitations set

forth in the Tax–General Art., § 13–1103.[2] That section provides in pertinent part as follows:

(a) *7–year limit.*—Except as otherwise provided in this section, a tax imposed under this article may not be collected after 7 years from the date the tax is due.

\* \* \* \* \* \*

(c) *Collection action after timely assessment.*—If the assessment of any tax has been made within the period of limitations applicable to the assessment, a tax may not be collected after 7 years from the date of the assessment. Any judgment entered may be enforced or renewed as any other judgment.

Taxpayer asks us to conclude that the subsections constitute a bar to the Comptroller's action to collect taxes, *i.e.,* the filing of the writ of garnishment, because the writ was filed more than seven years after the date of the assessment. Taxpayer acknowledges that, under the terms of § 13–1103(c), the Comptroller could have expanded its time for collection by obtaining a judgment, enforceable for twelve years and renewable for twelve year periods, *see* Cts. & Jud.Proc. Art., § 5–102 and Rule 2–625, but asserts that the Comptroller failed to do so.

Relying upon § 13–808 and the last sentence of § 13–1103, the Comptroller argues that § 13–1103 does not apply to the enforcement of a notice of tax lien that has been filed in the appropriate circuit court. The Comptroller maintains that the filing of a notice of tax lien gives to the State a judgment lien that, at the very least, has a twelve year life renewable for twelve year periods. Section 13–808 provides as follows:

From the date on which a tax lien is filed under § 13–807[3] of this subtitle, the lien has the full force and effect of a judgment lien.

---

**2.** All statutory references herein are to Tax General Art. unless otherwise indicated.

**3.** Section 13–807 provides as follows:

The Comptroller further argues that § 13–1103(c) expressly exempts enforcement of judgment liens from the seven year statute of limitations governing collections. By contrast, taxpayer maintains that § 13–808 only gives tax liens the same priority as judgment liens and does not vitiate the statute of limitations set forth in § 13–1103. Taxpayer argues that any other reading of § 13–808 renders nugatory the terms of § 13–806, entitled "Duration of lien." That section provides in pertinent part as follows:

(a) *In general.*—Unless another date is specified by law and except for a lien under subsection (b) [ (relating to inheritance tax liens) ] of this section, a lien arises on the date of notice that the tax is due and continues to the date on which the lien is:

(1) satisfied; or

(2) released by the tax collector because the lien is:

(i) unenforceable by reason of lapse of time; or

(ii) uncollectible.

Taxpayer argues that, under the Comptroller's theory, a tax lien never would become "unenforceable by reason of lapse of time," thus rendering subsection (a)(2)(i) meaningless. While the Comptroller takes the position that the twelve year statute of limitations governing judgments may not even apply to tax liens, *see* § 5–102(c), Cts. & Jud.Proc. Art.,[4] it responds that

---

(a) *Filing notice of tax lien.*—A tax collector may file a notice of tax lien with the clerk of the circuit court for the county where the property that is subject to the lien is located.

(b) *Recording and indexing tax lien.*—

(1) On receipt of a notice of tax lien, the clerk of a circuit court promptly shall:

(i) record and index the lien; and

(ii) enter the lien in the judgment docket of the court.

(2) The docket entry shall include:

(i) the name of the person whose property is subject to the tax lien; and

(ii) the amount of the tax lien.

**4.** Although § 5–102 expressly exempts the State from the twelve year statute of limitations set forth therein, the State may, of course, impose the statute of limitations upon itself. As the writ was filed within

unrecorded liens are subject to the seven year statute of limitations and may become unenforceable by reason of lapse of time if not recorded within the statute of limitations.

Alternatively, the Comptroller argues that the limitations period set forth in § 13–1103 applies only once the taxpayer's liability for the tax is finally determined by the appropriate administrative or judicial body, a process which, in this case, took eight years.

■ We begin our analysis by noting that the object of our interpretation is to ascertain and effectuate the intent of the legislature. *Ford Motor Land Dev. Corp. v. Comptroller,* 68 Md.App. 342, 346, 511 A.2d 578, *cert. denied,* 307 Md. 596, 516 A.2d 567 (1986). As an aid to that task, we repeat a few of the basic concepts governing statutory construction that we set forth in *Ford Motor Land Dev. Corp.*:

> "Where the language [of the statute] is clear and free from doubt the Court has no power to evade it by forced and unreasonable construction." *State Tax. Comm. v. C & P Tel. Co.,* 193 Md. 222, 231, 66 A.2d 477 (1949). Thus, where "there is no ambiguity or obscurity in the language of a statute, there is usually no need to look elsewhere to ascertain the intent of the General Assembly." *Mayor and City Council of Baltimore v. Hackley,* 300 Md. 277, 283, 477 A.2d 1174 (1984). Furthermore, the statute must be construed considering the context in which the words are used and viewing all pertinent parts, provisions, and sections so as to assure a construction consistent with the entire statute. *Comptroller v. Mandel Re–Election Com.,* 280 Md. 575, 579, 374 A.2d 1130 (1977). And, if there is no clear indication to the contrary, a statute must be read so that no part of it is "rendered surplusage, superfluous, meaningless or nugatory." *Bd. of Educ., Garrett Co. v. Lendo,* 295 Md. 55, 63, 453 A.2d 1185 (1982); *Baltimore Building and Construction Trades Council v. Barnes,* 290 Md. 9, 15, 427

---

twelve years, this case does not squarely present the issue of whether, by enacting § 13–808, the General Assembly intended to impose the twelve year statute of limitations.

A.2d 979 (1981). On the other hand, we "shun a construction of the statute which will lead to absurd consequences[,]" *Erwin and Shafer, Inc. v. Pabst Brewing Co.*, 304 Md. 302, 311, 498 A.2d 1188 (1985), or "a proposed statutory interpretation if its consequences are inconsistent with common sense." *Blandon v. State*, 304 Md. 316, 319, 498 A.2d 1195 (1985).

*Id.* at 346–47, 511 A.2d 578. More particularly, we must strictly construe statutes of limitations that bar the collection of taxes, *State v. Cadwalader, Executor*, 227 Md. 21, 174 A.2d 786 (1961), and construe, with "very great liberality," laws enacted for the collection of taxes. *Surratts Assoc. v. Prince George's County*, 286 Md. 555, 566, 408 A.2d 1323 (1979).

The Tax–General Article provides the Comptroller with alternative methods for the collection of tax. *Comptroller v. Washington Restaurant Group*, 339 Md. 667, 671 n. 5, 664 A.2d 899 (1995); *Surratts Assoc.*, 286 Md. at 566, 408 A.2d 1323. The Comptroller may record a lien and institute enforcement procedures, pursuant to Part II of Subtitle 8 of Title 13 (§§ 13–805 through 13–811), or may bring a collection action, pursuant to the procedures set forth in Part III of Subtitle 8 of Title 13 (§§ 13–815 through 13–818). If a tax is not paid when due, the State must institute a collection action under § 13–816, unless a lien on real property under Part II of Subtitle 8 sufficiently secures the tax or unless a judgment in the action would not be collectible. This section implicitly recognizes that securing the tax by lien, and executing thereon, is the preferred method of collection.

An action to collect taxes pursuant to Part III is expressly governed by the limitations period of § 13–1103. Specifically, § 13–815(a) provides as follows:

(a) *Authorized.—Within the period allowed in Subtitle 11 of this title,* an action to collect tax imposed under this article may be brought in a court of competent jurisdiction.

(Emphasis added.). By contrast, § 13–806, governing duration of liens, does not refer to § 13–1103. Instead, it provides a four year statute of limitations for inheritance tax liens and,

with respect to all other tax liens, provides that the lien shall continue until it is satisfied or released by the tax collector because it is unenforceable by reason of lapse of time or uncollectible.

Our reading of §§ 13–806, 13–808, and 13–1103 persuades us that the limitations provision of § 13–1103 applies only to actions to collect tax instituted under § 13–816 and not to enforcement of liens recorded in accordance with § 13–807. As indicated by the Comptroller, § 13–1103(c) expressly exempts enforcement of judgments from the seven year statute of limitations. Specifically, it provides that "[a]ny judgment entered may be enforced or renewed as any other judgment." Further, we read § 13–808 to give recorded State tax liens the same effect as judgment liens for all purposes, including enforcement purposes. Section 13–808 provides that properly recorded State tax liens are to be enforced in the same manner as any judgment lien in favor of the State. If the General Assembly additionally intended to impose the twelve year statute of limitations upon tax liens, the writ was filed well within the twelve year period. If the General Assembly did not intend to impose the twelve year statute of limitations, State tax liens, like other judgment liens in favor of the State, are to be enforced without regard to limitations. Taxpayer's argument to the contrary, that the purpose of § 13–808 is only to give tax liens the same priority as judgment liens, is undercut by the existence of § 13–809, which expressly governs the issue of priority. Moreover, our interpretation is supported by the legislative history of these sections.

Section 13–808 is derived from former Art. 81, § 342(b). Section 342, which was located in the subtitle governing retail sales tax,[5] provided as follows:

---

5. Some sections of the Code dealing with other kinds of taxes either repeated or incorporated by reference the provisions of former § 342(b). *See, e.g.,* former §§ 393 (governing Maryland use tax liens), 409A (governing admissions and amusement tax liens), 453 (governing tobacco liens). Md.Code Ann. (1980 Repl.Vol., 1986 Supp.). An analogous provision creating and governing liens was located in the income tax section of the Code in former § 322. That section, which created a

### § 342. Limitation of actions and liens.

(a) *Personal debt; limitations of actions.*—The tax imposed by this subtitle [ (retail sales act) ] and all increases, interests, and penalties thereon shall become, from the time due and payable, a personal debt of the person liable to pay the same to the State of Maryland. An action may be brought at any time within four (4) years from the time the tax shall become due and payable by the Comptroller in the name of the State to recover the amount of any taxes, penalties and interest due under the provisions of this subtitle, but if there is proof of fraud or gross negligence, there shall be no limitation of the period in which the action may be brought. . . .

(b) *Lien.*—The tax, and all increases, interests and penalties thereon shall be a lien upon all property, real and/or personal, of any person liable to pay the same to the State from and after the time when notice has been given that such tax has become due and payable as provided herein. Notice of such lien shall be filed by the Comptroller with the clerk of the circuit court of the county in which said property is located. Each clerk of court shall accurately and promptly record and index all such notices of lien filed with him by the Comptroller and shall enter such lien in the judgment docket of the court, stating the name of the delinquent taxpayer, the amount of the lien and the date

---

lien upon all property, salary and wages of the delinquent taxpayer, provided in pertinent part as follows:

(2) *Time lien arises.*—Unless another date is specified by law, the lien arising at the date of nonpayment as in this section specified and provided for, shall continue until the liability for the amount thereof is satisfied or until the Comptroller, in his discretion, shall release the lien because of lapse of time or because such lien is uncollectible. (3) *Notice and judgment.*—Notice of such lien may be filed by the Comptroller with the clerk of the circuit court of the county in which said property is located. . . . From the time such lien is filed with the clerk of the court of the jurisdiction in which the property covered by the lien is located and indexed as herein prescribed, such lien shall be superior to that of any subsequent mortgages [mortgagee], pledges [pledgee], purchaser or judgment creditor and shall have the full force and effect of lien of judgment.

Art. 81, § 212, Md.Code Ann. (1980 Repl.Vol., 1986 Supp.).

thereof. *The lien provided for in this section shall have the full force and effect of a lien of judgment.* Unless another date is specified by law, the lien arising at the date of nonpayment as in this section specified and provided for, shall continue with the same force and effect as a judgment lien. Any such lien on personal property shall not be effective as against an innocent purchaser for value unless the personal property has been levied upon by an officer of a court.

Art. 81, § 342, Md.Code Ann. (1980 Repl.Vol., 1986 Supp.). Under former § 342, subsection (a) provided that all retail sales taxes, increases, interests, and penalties shall become a personal debt of the taxpayer from the date upon which such amounts are due, and additionally provided a four year statute of limitations for actions to collect retail sales taxes, interests and penalties. By contrast, subsection (b) provided for the creation and duration of retail sales tax liens.

As originally enacted, subsection (b) provided that the lien would have a duration of four years:

> [t]he tax, and all increases, interests and penalties thereon shall be a lien upon the property of any person liable to pay the same to the State for a period of four (4) years from and after the time when such tax becomes due and payable as provided herein.

1947 Acts, ch. 281, § 278(b). The subsection later was amended expressly to provide that the lien would have the full force and effect of a judgment lien and would have the same life as a judgment lien. The enforcement and duration of liens under former § 342(b) and similar sections of the Code, *see* footnote 4, *supra,* thus were treated separate from and not subject to the limitations periods governing actions to collect tax.

The general statute of limitations governing actions to collect, and the predecessor to § 13–1103, was embodied in former § 212. Taxpayer argues that that section treated actions at law or suits in equity in the same manner as enforcement of liens. Specifically, that former section provided as follows:

All State, county or city taxes of every kind for which no other period of limitation is prescribed by this article shall be collected within four years after they shall become due, ... provided ... (b) that any action at law or suit in equity for collection of such taxes or for sale of property to pay the same or for the enforcement of any lien therefor, may, if instituted within the period hereinabove prescribed[,] be prosecuted as if this section had never been passed, and any judgment or decree therein may be enforced or renewed as other judgments or decrees....

Art. 81, § 212, Md.Code Ann. (1980 Repl.Vol., 1986 Supp.) Taxpayer further argues that, as the Revisor's Note to current § 13–1103 indicates that subsection 212(b) was dropped as surplusage, § 13–1103 must similarly apply the limitations period to enforcement of liens. Taxpayer argues that subsection 212(b) applies the general four year statute of limitations to enforcement of *all* liens, including those liens recorded in accordance with such sections as former §§ 342(b) and 409A(b). The problem with taxpayer's interpretation of former subsection 212(b) is that it does not attempt to reconcile that subsection with those other portions of the Code governing tax liens. Taxpayer's reading of former subsection 212(b) puts that subsection at odds with the sections of the former Code, *e.g.*, §§ 342(b) and 409A(b), that gave recorded State tax liens the duration of judgment liens. A better reading of former § 212(b) is that it was intended as a catch-all to include any action that may otherwise be perceived to be precluded by § 212, including an action to enforce an unrecorded lien. In any event, former § 212(b) was not carried forward into § 13–1103. The one vestige of § 212(b) that does continue to survive in the current Tax–General Article is the provision that an action instituted under § 13–816 may be prosecuted if instituted within the appropriate limitations periods set forth in Subtitle 11. *See* § 13–815(a), Tax–General Art. (1988 Repl. Vol., 1996 Supp.).

Given our interpretation of §§ 13–808 and 13–1103, we need not consider the Comptroller's alternative argument. For all

of these reasons, we find in favor of the Comptroller and affirm the judgment of the circuit court.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.